```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

CAROL LYNN MEANS,              )
                               )
        Plaintiff,             )
                               )
                               )  Case No. CIV-20-241-RAW-KEW
                               )
COMMISSIONER OF THE SOCIAL     )
SECURITY ADMINISTRATION,       )
                               )
        Defendant.             )

### REPORT AND RECOMMENDATION

Plaintiff Carol Lynn Means (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned Magistrate Judge that the Commissioner's decision be AFFIRMED.

### Claimant's Background

The Claimant was 60 years old at the time of the ALJ's decision. She has a high school education and has completed two years of beauty school. She has worked in the past as a composite medical receptionist, lens fabricating machine tender, eyeglass lens mounter, and as a medical receptionist. The Claimant first alleged that her inability to work began on November 17, 2012. She

1

later amended this date to July 27, 2016. She claims this inability stems from fibromyalgia, osteoarthritis, migraines, a previous stroke, gall bladder removal, a neck fusion, persistent back pain, allergies that require daily medication, and severe pain in her feet.

## Procedural History

On May 23, 2017, the Claimant applied for disability benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. The Claimant's application was initially denied and was denied on reconsideration. The Claimant filed a request for a hearing, which was held on March 25, 2019. The ALJ, Glenn Neel, conducted the administrative hearing by video from Ft. Smith, Arkansas. The Claimant testified from Poteau, Oklahoma. On September 9, 2019, ALJ Neel entered an unfavorable decision. The Claimant requested review by the Appeals Council and the Council denied the request on June 5, 2020. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two the ALJ found the

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe

2

following severe impairments: "fibromyalgia syndrome, osteoarthritis, minimal arthrosis of the bilateral acromioclavicular joints, degenerative disc disease of the cervical spine status post-surgery, degenerative changes of the lumbar spine, and obesity." (Tr. 17). Between step three and four the ALJ determined that "[C]laimant had the residual functional capacity [("RFC")] to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb, balance, stoop, knell, crouch, and crawl and could frequently, but not constantly, reach, handle, and finger bilaterally." (Tr. 19). Then, at step four, the ALJ determined that Claimant could return to her past relevant work as a composite medical receptionist, lens fabricating machine tender, eyeglass lens mounter, and medical receptionist. (Tr. 23-24). Thus, the ALJ found that the Claimant was not disabled, as defined in the Social Security Act, any time from July 27, 2016 to December 31, 2017. (Tr. 25).

---

impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Errors Alleged for Review

The Claimant asserts that the ALJ erred by failing to include all the Claimant's impairments in the RFC and properly consider the medical source opinion of Dr. Phillips. The Claimant also claims that since the RFC is inaccurate, she cannot return to her past work.

## Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to

4

support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**RFC Determination**

The Claimant contends that the ALJ's RFC is inconsistent with the evidence because it does not include all the Claimant's severe impairments. The Claimant also asserts that the ALJ erred by failing to consider the limitations set forth by Dr. Tonya Phillips when formulating the RFC. For the reasons addressed below, the undersigned Magistrate Judge finds these assertions unpersuasive.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity

5

assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. Rul. 96-8p, 1996 WL 374184 at *7 (July 7, 1996). The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id*. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

The Claimant's assertion that the RFC is inconsistent with the record is based on her belief that the ALJ did not properly consider her subjective complaints, her impairments, or the medical opinion evidence. But this argument ignores that the ALJ examined all the objective medical evidence and found it inconsistent with the Claimant's reported symptoms. (Tr. 19).

The ALJ also properly discussed the evidence which she relied on in determining the RFC, which shows the RFC was supported by substantial evidence. (Tr. 19-23). First, the ALJ pointed out that although the Claimant reported difficulty walking and using her

hands, the medical evidence showed "normal gait, normal station, five out of five strength, and full range of motion." (Tr. 21, 39, 541, 544, 553, 592). Second, the ALJ explained that although the Claimant did report that pain medication did not help with her symptoms, she had previously reported that pain medication did provide her with significant relief. (Tr. 21; 406, 456). Finally, the ALJ relied on the fact that the Claimant did report she could still complete many daily care tasks, including reaching her arms over her shoulders to fix her hair. (Tr. 21-22; 207, 251). This discussion shows that the ALJ properly considered the Claimant's reported symptoms and had sufficient evidence to support her finding that they were inconsistent.

The ALJ's RFC determination is also supported by the opinions of the State Agency physicians, Mary Lanette Rees, M.D. and Herbert Meites, M.D. Both State Agency physicians opined that the Claimant could sit, stand, and/or walk for six hours in an eight hour workday. (Tr. 22; Tr. 524-531). The ALJ addressed how these opinions and exertional limitations were consistent with the evidence of the record. (Tr. 21). As for the Claimant's migraines, the Claimant herself reported the migraines improved with medication. This was also reported at medical evaluations. (Tr. 18, 509, 538).

The Claimant also argues that the ALJ "erroneously rejected" parts of Dr. Phillips's opinion. She further asserts that the ALJ

7

did not explain how he considered the supportability and consistency of Dr. Phillips's opinion. The Court also finds this argument unpersuasive.

The Claimant applied for benefits on or after March 27, 2017, meaning that the medical opinion evidence is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under these new standards the ALJ does not "defer or give specific evidentiary weight. . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520(c)(a). An ALJ considers medical opinions utilizing five factors: (1) supportability, (2) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ must utilize these factors when determining how persuasive he finds the medical opinions and prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

Generally, when examining medical opinions, the ALJ must only specifically explain how he considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b). However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

The ALJ explained his reasoning for rejecting the restrictions imposed by Dr. Phillips. The ALJ found Dr. Phillips's opinion persuasive, except for the opinion that the Claimant would

only be able to stand and/or walk for less than two hours of an eight-hour work day. (Tr. 23). The ALJ articulated why he found this portion of Dr. Phillips opinion unpersuasive, stating:

> The examinations of Dr. Phillips [did not] support this limitation. Furthermore, Dr. Phillips did not provide objective support for this limitation. The claimant generally had a normal gait, normal station, five out of five strength, and full range of motion. (Ex.10, p.3,5, and 8; Ex. 11F, p.3). Additionally, the medical evidence of record as a whole is not consistent with this limitation. She underwent imaging that showed degenerative disc disease of the cervical and lumbar spine. (Ex. 5F, p. 40; Ex. 14F, p.1; Ex. 16F, p.31). However, she did generally have five out of five strength, and full range of motion. (Ex. 10F, p.3,5. And 8; Ex. 11F, p.3). The claimant generally did not have an unsteady gait. (Ex. 2F, p. 8; Ex. 5F, p.45, Ex. 7F, p. 3; Ex. 8F, p.4; Ex. 10F, p. 2). On August 24, 2017, the claimant had a normal and steady gait; could sit, stand, and lie down without difficulty; had a full range of motion in the neck, shoulders, elbows, wrists, and hands; had a good hand grip of five out of five and equal bilaterally; had full range of motion in the back, hips, knees, and ankles, and could do heel walking and toe walking without difficulty. (Ex. 8F, p.4). The claimant was observed to walk in and out of an examination without an assistive device. (Ex. 8F).

(Tr. 23). This discussion specifically addresses the supportability and consistency factors, as required by 20 C.F.R. §§ 404.1520c, 416.920c. This explanation also points to specific medical evidence that was contrary to Dr. Phillips's findings. Further, Dr. Phillips's opinion conflicted with the medical opinions of other doctors. Therefore, the ALJ resolved these evidentiary conflicts, as he is allowed to do. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) (citing *Haga*, 482 F.3d at

1208)).

The above considerations show that there was substantial evidence to support the ALJ's RFC determination and that he properly considered the medical opinion evidence. He explained his reasoning for rejecting the evidence that the Claimant relies on and his reasoning for rejecting the limitations she requests. The Claimant's argument is nothing more than an attempt to have this Court reweigh the evidence in her favor, which it cannot do.

**Step Four Analysis**

Finally, the Claimant argues that the incomplete RFC determination affected the step four analysis. But because the RFC was supported by substantial evidence, this argument is also unsuccessful. The ALJ did not err in his finding that Claimant could return to her past relevant work.

Step four of the sequential analysis is comprised of three distinct phases. The ALJ must first establish the claimant's RFC, then determine the physical and mental demands of her past relevant work, and ultimately conclude whether she can meet those demands with her RFC. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). As discussed above, the RFC is supported by substantial evidence. Therefore, the Claimant's argument that the ALJ's step four determination does not pass phase one, must fail. As for phase two and three, the limitations which the Claimant bases her argument on are limitations which the ALJ properly omitted from

11

the RFC. Her argument that the VE stated these limitations are incompatible with past work is unpersuasive, as the actual RFC is compatible with the Claimant's past jobs, which the VE testified to. (Tr. 57-58). The substantial evidence which supports the RFC determination also supports the determination that the Claimant can return to her past work. Therefore, the ALJ did not err in finding that the Claimant could return to her past relevant work.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 2nd day of September, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE